## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CHARLIE J. WILLIAMS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:19cv289-MW-CAS**

**MARIE A. MATTOX, P.A.,**
**MARIE A. MATTOX LAW OFFICES,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted leave to proceed in forma pauperis, ECF Nos. 2 and 4, and directed to file an amended civil rights complaint if he believed there was a basis to do so. ECF No. 5. That Order was entered after review of Plaintiff's initial complaint, ECF No. 1, which was filed pursuant to 42 U.S.C. § 1983. The Order explained various deficiencies with the complaint, ECF No. 1, and advised Plaintiff to "consider whether to file an amended complaint or a notice of voluntary dismissal." ECF No. 5. Plaintiff has filed an amended complaint, ECF No. 6, which has been reviewed to determine if Plaintiff has adequately alleged a claim such that service should be directed.

Plaintiff seeks to bring "an action for legal malpractice and breach of fiduciary duty" against Marie Mattox and her the law firm. ECF No. 7 at 4. Plaintiff seeks damages "in excess of seventy five thousand dollars" for what he contends were violations of his Eighth and Fourteenth Amendment rights. *Id.* at 4-5. Plaintiff alleges that "the Defendant represented" him in two prior civil rights cases while he was a pretrial detainee in the Leon County and Gadsden County jails. *Id.* at 5. Plaintiff states that the Defendant agreed to represent him on a contingency fee basis. *Id.* at 6.

It appears that Defendant represented Plaintiff in a case filed in this Court in October 2011. *See* case # 4:11cv532-RH-WCS.[1] Additionally, Defendant represented Plaintiff in a second case whish was initiated on April 2012. *Id.* at 7; *see also* case # 4:15cv219-RH-CAS.[2] Plaintiff alleges that Defendant "knowingly and intentionally allowed false material

---

[1] A notice of removal was filed on October 18, 2011. ECF No. 1 of that case. The case ultimately was dismissed pursuant to the parties' settlement agreement. ECF No. 14.

[2] Plaintiff improperly cited to this case as "case no: 4:14cv219-RH-CAS." ECF No. 7 at 8. Judicial notice is taken that the proper number is 4:15cv219-RH-CAS, and that District Judge Robert L. Hinkle granted summary judgment in favor of the Defendants on September 28, 2016. ECF Nos. 49, 51. Plaintiff appealed that judgment, ECF No. 52, but the judgment was affirmed by the Eleventh Circuit in the summer of 2017. ECF Nos. 61-62.

evidence" in the proceeding which "constituted legal malpractice and breach of fiduciary duty . . . ." *Id.* at 9, 11.

As Plaintiff was advised previously, this case cannot proceed as filed because neither Marie Mattox nor her law firm is a "state actor." Moreover, Plaintiff has not alleged the violation of a constitutional right. Instead, Plaintiff has presented state law claims only.

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." <u>Emory v. Peeler</u>, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011)). Plaintiff has not met either requirement. In representing Plaintiff in civil litigation, Defendant Marie Mattox was not a "state actor" but a private person. Additionally, Plaintiff has asserted only claims for legal malpractice and/or breach of fiduciary duty; he has not asserted a constitutional claim. Accordingly, Plaintiff's

amended complaint should be dismissed for failure to state a claim upon which relief may be granted.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**